**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50045 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01079-DSF-7 |
| v. | |
| KENNETH TYRONE MURRAY, AKA Kenny, AKA Seal G, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 6, 2013[**]
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Suzanne B. Conlon, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

Kenneth Murray appeals his conviction for conspiracy to distribute controlled substances. He does not challenge the existence of the charged drug-distribution conspiracy, but rather contends that the evidence was insufficient to support the jury's finding that he was connected to it.

All the evidence in this case, taken together and viewed "in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Murray was connected with the conspiracy. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1117–18 (9th Cir. 2007) (proof beyond a reasonable doubt of even a slight connection to the charged conspiracy is sufficient). For example, in wiretap recordings played at trial, a caller consistently identifying himself as "Kenny" used code words to order from co-conspirators what trial testimony indicated were substantial amounts of drugs. Those calls originated from a land line registered to the same address at which DMV records indicated Murray lived at the time. The jury heard these calls and compared the voice on it to an exemplar of Murray's. And when the police searched the address from which the calls originated, they found two identification cards with Murray's information on them, significant quantities of drugs packaged for distribution, and firearms and digital scales.

2

From this evidence, the jury could rationally have concluded that the "Kenny" on the calls was Murray, that Murray intended to distribute drugs he obtained from his co-conspirators, and that Murray was therefore connected with the conspiracy to distribute drugs. *See id.* Even if the evidence could also have supported the inference that Murray was a drug dealer independent from the established conspiracy, as Murray contends, the jury was entitled on these facts to resolve conflicting inferences in favor of the prosecution. *See Jackson*, 443 U.S. at 326.

**AFFIRMED.**